**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20046
Summary Calendar

VERONICA L. DAVIS,

Plaintiff-Appellant,

versus

SYNTEX LABORATORIES, INC.; ROCHE
BIOMEDICAL LABORATORIES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-97-CV-177)

July 8, 1998

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Veronica Davis, an attorney acting *pro se*, appeals the district court's

dismissal of her complaint with prejudice. For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Background

In this diversity action, Davis alleges that she was injured by a drug manufactured by the defendant. At the first status conference, the district court ordered Davis to produce her medical records and to provide reports from experts establishing the causal link between the drug and her condition. In a similar case involving Davis, we detailed the "long and tortured course" of the litigation prior to affirming the district court.[1] We are unwilling to similarly recount the facts in this case. We have, however, fully reviewed the record and the briefs. Suffice to say that the record establishes Davis' failure to comply with court orders, failure to attend scheduled status conferences, and a warning by the court that further failure to comply with its orders would result in dismissal. Davis thereafter failed to attend a hearing scheduled at her request and the court dismissed her case with prejudice, ultimately awarding the defendant $6,029.35 in costs. Davis appeals contending, *inter alia*, that the district court abused its discretion in ordering the dismissal.

## Analysis

Our trial courts are vested with the inherent power to manage their dockets

---

[1] **Woodson v. Surgitek, Inc.**, 57 F.3d 1406, 1407-1416 (1995).

in order to dispose of cases in an efficient and orderly manner.[2] This authority necessarily includes the power to dismiss a case as a sanction for a party's failure to obey court orders.[3] Although we recognize that dismissal is a harsh sanction, we will uphold an involuntary dismissal, with prejudice, unless the district court abused its discretion. In this instance, it is beyond peradventure that Davis willfully abused the judicial process and we believe that the court acted well within its discretion and showed considerable restraint in handling this matter. For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] **Link v. Wabash R. Co.**, 370 U.S. 626 (1962).

[3] **Woodson** at 1417.